Nash, J.
 

 There can be no doubt that his Honor was correct in admitting, as evidence, the declarations of the slave as to the state of his health, at the time they were made. The question was as to the health of Jack before and at the time of the sale. And whenever the bodily or mental feelings of an individual, at a particular time, are materia] to be proved, the expression of such feelingss made at or soon before that time, is evidence. Whether they were real or feigned, is for the jury to decide. 1st
 
 Greenleaf’s evidence,
 
 178, Upon this principle it is that the declarations of a wife, made immediately after receiving an injury, are receivable as evidence in an action by her and her husband — not to show who did the injury, but as to its extent.
 
 Thompson and wife
 
 v.
 
 Trevanion, Skin. Rep.
 
 402. Inquiries by medical men and the answers to them, are evidence to show the state of health of the individual — it is admissible from the very nature of the thing.
 
 Aveson
 
 v.
 
 Lord Kennaird,
 
 6 East. 188. So in an action for an assault and battery, what the plaintiff has said to his surgeon, of what he has suffered from the assault, is competent evidence. 1
 
 Phil. 232.
 
 Such declarations made by a white man, then, are clearly admissible in evidence. Is the principle varied, when proceeding from a slave ? From the nature of the evidence, we think not. It is admitted from necessity, and as being in the nature of
 
 pars res gestes.
 
 In
 
 Clancy and Over man,
 
 1 Dev. & Bat. 402, the declarations of a slave were admitted in evidence. He had been bound apprentice to the defendant, to learn the trade of a carriage maker, and the action was brought to recover damages, for not teaching him the trade ; the defence was, that the boy would not learn, and his declarations to that effect were ad
 
 *66
 
 mitted; and the Court say, they are admitted, because they are evidence of his disposition and temper, which are the subjects of the investigation, and these cannot be ascertained except in that way. The case of
 
 Gray
 
 v.
 
 Young,
 
 4 McCord, 38, is a direct authority. That was an action for breach of a warranty of the soundness of a slave. His declarations, that he had a pain in his side, by which the disease was detected, were held to be admissible. So in
 
 Turner
 
 v.
 
 Knox,
 
 7 Munroe, the same doctrine is held. The Act of Assembly, upon the subject of persons of color being witnesses against white persons, does not apply.
 

 We see, therefore, no error in the opinion, complained of, and the judgment is affirmed.
 

 Per Curiam.' Judgment affirmed.