Pbaksoií, J.
 

 What amounts to “ordinary eare" is a question for the Court. The Judge below erred in leav» ing it to the jury.
 

 Whether the proof establishes particular facts is for-the jury ; but what is the legal effect of these facts, supposing” them to exist, is lor the Court Accordingly it is settled, that ordinary care, reasonable time, and probable cause, the facts being admitted or proved, are questions of law.
 
 Herring
 
 v.
 
 Wil.
 
 &
 
 Ral. R. R. Company,
 
 10 Ire. 402,
 
 Swaim
 
 v. Stafford, 3 Ire. 293.
 

 If these were not questions of law, no rule could ever be established, and the legal effect of certain facts, like their existence, would in all cases depend upon the Had-ing of ajury, with no mode of having its correctness judged of by a higher tribunal.
 

 
 *20
 
 : Had the jury come to a correct conclusion, the error of the judge in submitting the question to them, instead of deciding it himself, would have been immaterial; but» .taking the evidence to be true, there was manifestly a want of ordinary care.' A large bucket, with a hole four inches square in the bottom, the fastenings of which were liable to be knocked off, is used nine hours without any examination ami as the bucket commenced descending, four pieces oí iron, weighing five pounds each, are
 
 dropped
 
 into it, without looking to see, as might have been detected by a mere glance, that the fastenings were off and the-hole open, and this too when the lives of two men were at stake. “Ordinary care” required, that the fastenings should have been examined and the pieces of iron should' have been put, not
 
 dropped,
 
 in the bucket cross-ways or in such a manner as to prevent them from falling out or dropping through.
 

 * As the case will be tried again, it is proper to'notice the question of evidence, as to which his Honor also erred.
 

 The object of the plaintiff was to show the condition of his slave, that he had not recovered from the effect of the blow and was permanently'injured. For this purpose it was competent to prove how
 
 he
 
 acted,
 
 how he
 
 looked,- and of what he complained. In fact this is almost the only kind of evidence by which the condition of body or mind can be ascertained ; it is natural evidence or the' evidence of facts, as distinguished from personal evidence' or the testimony of witnesses ;
 
 Best, on the principles of.
 
 evidence. :
 

 The declarations of a patient to his physician are strong-evidence of the state of his health, and only differ from his declarations to a third person, because it .is less probable that he. will feign or state falsehoods to one, by whom he hopes to bo
 
 relieved;
 
 but this consideration only affects the degree of credit due to such declarations and docs not affect their admissibility. Whether expres<
 
 *21
 
 sions of pain are real or feigned, must be determined by the jury. 1
 
 Greenleaf Eo.
 
 126.
 

 If it be material to ascertain the mental condition of an individual, his conversation at different times is admissi* ble. Upon the same ground, it being material to ascertain the bodily condition of the slave, his complaints of head ache, when exposed to the sun, and his declarations that he was unable to work in the sun, or to endure hard labor, are admissible. True, one may feign the language of a mad-man, or may utter false complaints of pain, but the law does not on this account exclude what may be the only mode of proof. It is left to the good sense of the jury, connecting the declarations with the acts and looks of the party and other circumstances, to say how far such evidence is to be relied on.
 

 The statute, excluding the testimony of a slave or free person of color against a white man, has no application. The distinction between natural evidence and personal evidence or the testimony of witnesses, is clear and palpable. The actions, looks and barking of a dog are admissible as material evidence, upon a question as to his-madness. So the squealing and grunts or other expressions of pain, made by a hog, are admissible upon a question as to the extent of an injury inflicted on him. This can in no sense be called the testimony of the dog or the hog. The only advantage of this natural evidence, when furnished by brutes, over the same kind of evidence, when furnished by human beings, whether white orblack.is that the latter having intelligence, may possibly have a motive for dissimulation, whereas brutes have not; but the character of the evidence is the same and the jury must pass upon its credit. ;
 

 1’jSR CURIAM. There must be a
 
 venire de
 
 novo.