## V. W. GENTRY v. SOUTHERN PUBLIC UTILITIES COMPANY ET AL.

(Filed 11 April, 1923.)

**1. Evidence—Nonsuit—Motions—Waiver.**

Where the defendant offers evidence after his motion to nonsuit upon the plaintiff's evidence has been refused, he waives his right under his first exception, and the entire evidence, under his second exception, taken at the close of all the evidence, will be considered on appeal.

**2. Negligence—Evidence—Nonsuit—Questions for Jury—Trials.**

Upon motion to dismiss upon the evidence as upon a nonsuit, the evidence will be considered in its most favorable light to the plaintiff, and where there is evidence that the plaintiff was injured while unloading wet and slippery poles from a car in the course of his employment for the defendant, under the direction or supervision of the defendant's vice-principal; that a skid for unloading had not been furnished, which was customary, and that sufficient help had not been provided for this work: *Held,* sufficient to take the case to the jury on the issues of defendant's actionable negligence; and the motion was properly refused.

**3. Appeal and Error—Evidence—Objections and Exceptions—Waiver.**

Where, among other things, the actionable negligence of the defendant depended upon whether it had furnished the plaintiff, its employee, sufficient help to unload poles from a railroad car, the error, if any (*Marshall v. Tel. Co.,* 181 N. C., 292), in permitting the plaintiff to testify that "they did not have sufficient help" is rendered harmless by the failure of the defendant to object to this evidence in response to questions afterwards asked by the court. *Hollifield v. Tel. Co.,* 172 N. C., 724, cited.

**4. Instructions—Excerpts—Charge Interpreted as a Whole—Appeal and Error—Harmless Error.**

An excerpt in a charge in a personal injury case is not prejudicial error to defendant for leaving out the principle of proximate cause, when it follows a portion thereof which puts the burden of proof on the plaintiff to establish the various elements necessary to obtain a verdict on the issue of defendant's actionable negligence, and charges the jury that defendant's actionable negligence, and defendant's breach of its legal duty must proximately have produced the injury.

APPEAL by defendants from *Brock, J.,* at September Term, 1922, of FORSYTH.

Civil action to recover damages for an alleged negligent injury received by plaintiff while engaged in unloading some large chestnut poles from a flat car. There was evidence that the defendants failed to provide skids, as was customary, in unloading poles from cars of the kind in question; and that an insufficient number of men were trying to unload the poles on a rainy morning while they were slippery and difficult to handle, etc. The work was being done under the direction of the defendant, Will Sprinkle, who was a foreman or vice-principal of the Southern Public Utilities Company.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered by them in favor of the plaintiff. The defendants appealed, assigning errors.

*John C. Wallace and Hastings & Whicker for plaintiff.*
*Manly, Hendren & Womble and Swink, Clement & Hutchins for defendants.*

STACY, J. On the argument, defendants insisted upon their exceptions to the refusal of the court to grant their motion for judgment as of nonsuit, made first at the close of the plaintiff's evidence, and renewed at the close of all the evidence. The first exception has been waived by the defendants. *Smith v. Pritchard,* 173 N. C., 720. They had the right to rely on the weakness of the plaintiff's evidence when he rested his case; but, having elected to offer testimony in their own behalf, they did so *cum onere,* and only their exception noted at the close of all the evidence may now be urged or considered. C. S., 567; *Blackman v. Woodmen,* 184 N. C., p. 77.

Without reciting the evidence, which is to be taken in its most favorable light for the plaintiff on a motion of this kind, we think his Honor was clearly correct in submitting the case to the jury.

The tenth and eleventh exceptions are directed to the following portion of the plaintiff's testimony:

"Q. Please state to the jury whether or not they had sufficient hands on the flat car to carry on the work?

"Objection; overruled; defendant excepts.

"A. No, sir; they didn't have sufficient help up there.

"Defendant moved to strike out the question and answer; motion overruled; defendant excepted.

"The Court: You say they did not provide sufficient help? A. Yes, sir.

"The Court: Why did they need other help?    A. If I had another man to have held these poles, been another man up on the car with me, he could have held these poles while I loosened that pole."

Defendants contend that the admission of this evidence in the manner and form in which it was offered is violative of the rule announced in *Marshall v. Tel. Co.,* 181 N. C., 292; *Kerner v. R. R.,* 170 N. C., 94; *Lumber Co. v. R. R.,* 151 N. C., 221; *Marks v. Cotton Mills,* 135 N. C., 287, and other cases to like import; but it will be observed that that part of plaintiff's testimony given in response to inquiries from the court was admitted without objection, and this would seem to render the other portion harmless, even if it were objectionable in the first instance. *Tillett v. R. R.,* 166 N. C., 520; *Ledford v. Lumber Co.,* 183 N. C., 616. But speaking to a similar question in *Hollifield v. Tel. Co.,* 172 N. C., 724, *Walker, J.,* said: "The court did not err in allowing plaintiff to testify how the injury was received or what caused it, and why more hands were needed. He was merely stating facts within his own knowledge. In other words, he was stating what he had seen and the nature of which he understood by former experience. It was not merely an opinion. *Murdock v. R. R.,* 159 N. C., 131; *Britt v. R. R.,* 148 N. C., 37; and especially *Ives v. Lumber Co.,* 147 N. C., 306, which is similar in this respect." See, also, *Marshall v. Tel. Co.,* 181 N. C., 410.

The next exception relied on by defendants is the one directed to the following portion of his Honor's charge: "If the plaintiff has satisfied you by the evidence and by the greater weight thereof, that his injury was caused by the negligence of the defendants; that is, that the defendants failed to do what a reasonable and prudent man would have done under like circumstances with regard to unloading these poles, then you will answer the first issue 'Yes,' otherwise, you will answer it 'No.' "

This excerpt, standing alone, with no reference to proximate cause, might appear to be subject to some criticism; but, taken in connection with the whole charge, we do not think it could have left an erroneous impression with the jury. *White v. Realty Co.,* 182 N. C., 538. His Honor had previously and just immediately before charged adequately on the subject of actionable negligence, telling the jury that the burden was on the plaintiff to establish both a want of due care on the part of the defendants and a causal connection between this and the plaintiff's injury. The breach of a legal duty, owing by defendants to plaintiff, which proximately produced the injury is sufficient to establish liability in an action like the present. *Ramsbottom v. R. R.,* 138 N. C., 41; *Drum v. Miller,* 135 N. C., 215.

After a careful perusal of the entire record, we have discovered no exception which we apprehend should be held for reversible error.

No error.