W. B. BRYANT v. BURNS-HAMMOND CONSTRUCTION COMPANY.

(Filed 30 October, 1929.)

1. **Appeal and Error G b—Exceptions not discussed in briefs are deemed abandoned.**

    Where in grouping exceptions taken upon the trial the appellant does not bring forward in his brief others he has taken, the latter will be regarded as abandoned. Rules of Practice, 192 N. C., 853, 28.

2. **Appeal and Error J e—Admission of testimony of matters admitted in pleadings and testified to by others will not be held for error.**

    Where the physician of the plaintiff who attended him after a personal injury he had received testifies as to matters the plaintiff had told him after the injury, the admission in evidence of the testimony of the physician will not be taken as error when the matter objected to has been admitted in the pleadings and is cumulative of evidence of other witnesses not objected to.

**3. Evidence K b—Expert witness may testify to symptoms complained of at time of examination by the person injured.**

In an action to recover damages for an alleged personal injury it is competent for the attending physician to testify as to what his patient told him of his symptoms and physical condition at the time of the physician's examination.

**4. Trial B c—Where objection is not made to question a motion to strike out responsive answer will not be allowed.**

Where the master is sued for damages for a negligent injury inflicted on his servant by reason of defective tools or appliances furnished the latter to do his work, an exception must be duly taken to an incompetent question calling forth admission of the master's vice-principal, and when taken only to the answer of the witness on motion to strike out, the exception will not ordinarily be considered on appeal when the answer is responsive to the question.

**5. Master and Servant C b—Doctrine of res ipsa loquitur applies in this case.**

Where it is shown that the servant in using an electrically driven saw furnished him by the master and under the master's control, has been injured in its use by an electrical shock which would not ordinarily occur under the circumstances, a presumption of the master's negligence in furnishing an improper appliance will arise, which does not affect the burden of proof in the servant's action, but which is sufficient to sustain an affirmative answer to the issue of negligence unless the defendant has satisfied the jury otherwise under the evidence.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1929, of ALAMANCE. No error.

The defendant is a corporation, and on 6 August, 1928, was engaged in the construction of a manufacturing building in the city of Burlington. The plaintiff was employed by the defendant as a laborer on the building, and was required or permitted by the defendant to use a saw which was propelled by electricity. He alleges that the defendant negligently provided for him a defective saw, and that by reason of the defect, while engaged in the performance of the duties for which he was employed, he was injured by an electric shock transmitted by means of or on account of the defective tool with which he was required to work. The defendant denied the material allegations of the plaintiff, and at the trial the issues of negligence, assumption of risk, and contributory negligence were answered against the defendant and damages were duly assessed. Upon the verdict judgment was rendered for the plaintiff and the defendant excepted and appealed upon assignments of error pointed out in the opinion.

*Long & Allen for plaintiff.*
*Coulter, Cooper & Carr for defendant.*

BRYANT *v.* CONSTRUCTION COMPANY.

ADAMS, J. The defendant groups some of its exceptions under four assignments of error and abandons several others which were taken on the trial, but were not brought forward in its brief. Rules of Practice, 192 N. C., 853, 28. In our opinion neither assignment can be sustained.

In the first it is contended that Dr. Brooks was permitted in his direct examination to relate what the plaintiff had told him in reference to his past condition—that, in consequence, the physician's testimony consisted of a statement of past occurrences which should not have been admitted in evidence. The witness said, "He (the plaintiff) told me he received an electric shock last August in his right shoulder." This is the only reference to the plaintiff's previous condition. That he had received an electric shock was admitted in the defendant's answer, and this admission was not controverted on the trial. Evidence that the plaintiff, when examined by the witness, described his physical condition and complained of headache and dizziness was clearly competent. *Roulhac v. White,* 31 N. C., 63; *Biles v. Holmes,* 33 N. C., 16; *Howard v. Wright,* 173 N. C., 339; *Martin v. Hanes Co.,* 189 N. C., 644.

G. A. Barkley, a witness for the plaintiff, testified as follows:

"Q. State what, if anything, Mr. Lloyd said about this saw Mr. Bryant was using? A. He said there was a shortage in the saw."

Defendant objects and moves to strike out. Decision reserved.

"Q. Who said that? A. The superintendent.

Q. When was this? A. Some two weeks after he was hurt.

Q. Was Mr. Lloyd connected with the Burns-Hammond Construction Company at the time of the conversation? A. I don't know. Mr. Bryant said he was.

Q. Where did you find Mr. Lloyd at the time? A. On the job up there."

Defendant renews motion to strike out the testimony concerning what Mr. Lloyd, the superintendent, said about the saw some two weeks after the occurrence. Overruled.

It will be observed that the defendant did not object to the first question, but moved to strike out the answer. Such motions are often allowed when the answer is not responsive to the question and contains prejudicial testimony of a fact concerning which the objecting party was not put on notice. But when the answer is directly responsive it will usually be permitted to stand unless in apt time objection was made to the question propounded. In *Dobson v. R. R.,* 132 N. C., 900, it is said: "A party may waive his right to the exclusion of incompetent testimony, ever so objectionable, if he fails to assert his right in due time; and so, when a witness is being examined in an improper manner, the objection to the character of the examination should be made known in apt time; otherwise the party prejudiced will be deemed to have waived it. A

21—197

large part of the testimony of the witness Finch was incompetent because it was hearsay; but the defendant, so far as the record discloses, did not enter any objection in the manner required by law. Objection should be interposed when the incompetent questions are asked. It will not do to object after the question has been asked and answered. This would give the objector two chances, one to exclude the testimony if unfavorable to him and the other to make use of it if favorable; and for this reason the law requires that parties should act promptly or else the right to have testimony excluded, or the examination conducted within proper limits, will be waived." *Brown v. Hillsboro,* 185 N. C., 368, 373; *S. v. Stancill,* 178 N. C., 683. The admission of incompetent evidence without objection is assignable as error only when the evidence is made incompetent by statute. *Johnson v. Allen,* 100 N. C., 131. In any event, the evidence excepted to was cumulative. After Barkley had concluded, T. L. Starling testified on behalf of the plaintiff, without objection, to the identical fact mentioned by Barkley. In these circumstances the exceptions addressed to the admission of Barkley's testimony must be overruled. *Tilghman v. Hancock,* 196 N. C., 780; *Holeman v. Shipbuilding Co.,* 192 N. C., 236; *Gentry v. Utilities Co.,* 185 N. C., 285.

The defendant excepted to the following instruction: "There is no presumption of negligence in this case unless you find by the greater weight of the evidence that the plaintiff received an electric shock which injured him from this electric machine. If you find by the greater weight of the evidence that Bryant was injured by an electric shock, and that it was caused by that electric saw, then I charge you that that would make out a prima facie case of negligence against the defendant; the law would raise a presumption that it came from some negligence on the part of the defendant; that would not be conclusive presumption and would not shift the burden to the plaintiff, but nothing else appearing the jury would be justified in rendering a verdict against the defendant upon the issue of negligence. It simply means that there was a presumption raised and that the defendant can come forward with his evidence and explain away the presumption so as to destroy the presumption, if the jury finds from the evidence that it has done so."

The point of attack in this instruction is the asserted misapplication of the doctrine of *res ipsa loquitur.* This phrase, it will be noticed, was not used here; but the jury was told that a finding that the plaintiff had been injured by an electric shock caused by the electric saw would make a prima facie case against the defendant—that it would raise a presumption of the defendant's negligence. In close relation with this, his Honor gave the further instruction that to establish actionable negligence the plaintiff was required to show by the greater weight of the evidence that the defendant failed to exercise proper care in the performance of a

legal duty which the defendant owed the plaintiff, and that such negligent breach of duty was the proximate cause of the plaintiff's injury.

A presumption of fact is defined as an inference of the existence of one fact from the existence of some other fact, or an inference as to the existence of a fact not actually known, arising from its usual connection with another which is known. Jones on Evidence, sec. 9; Starkie on Evidence, 742; *Home Ins. Co. v. Weide,* 11 Wallace, 438, 20 Law Ed., 197. A prima facie case is one in which the evidence in favor of the litigating party is sufficiently strong to call for an answer from his opponent. Black's Law Dictionary, 938; 31 Cyc., 1172; *Brock v. Ins. Co.,* 156 N. C., 112. In *White v. Hines,* 182 N. C., 275, 287, it is said: "A prima facie case or evidence is that which is received or continues until the contrary is shown. It is such as in judgment of law is sufficient to establish the fact, and if not rebutted remains sufficient for the purpose. *Troy v. Evans,* 97 U. S., 3; *Kelly v. Johnson,* 6 Pet., U. S., 622; Jones on Evidence, sec. 8; *S. v. Floyd,* 35 N. C., 385; *S. v. Wilkerson, supra.* Even if the prima facie case be called a presumption of negligence, the presumption still is only evidence of negligence for the consideration of the jury. *Overcash v. Electric Co., supra; Shepard v. Telephone Co., supra; Mumpower v. R. R., supra.* In some of our decisions the expressions *res ipsa loquitur,* prima facie evidence, prima facie case, and presumption of negligence have been used as practically synonymous. As thus used, each expression signifies nothing more than evidence to be considered by the jury. *Womble v. Grocery Co., supra; Stewart v. Carpet Co., supra; Ross v. Cotton Mills, supra; Shepard v. Telegraph Co., supra; Mumpower v. R. R., supra; Perry v. Mfg. Co.,* 176 N. C., 69."

When it is shown that an instrumentality which has caused personal injury was under the control of the defendant and the injury was such as does not happen in the ordinary course of things if due care is observed, the evidence should be submitted to the jury as tending to show that the injury resulted from the want of due care. It was upon this theory that the trial court gave the instruction to which exception was taken— an instruction which finds support in a number of our decisions. *O'Brien v. Parks Cramer Co.,* 196 N. C., 359; *Ramsey v. Power Co.,* 195 N. C., 788; *McAllister v. Pryor,* 187 N. C., 832; *Haynes v. Gas Co.,* 114 N. C., 204; *Houston v. Traction Co.,* 155 N. C., 4.

The exceptions in the fourth assignment of error, relating to the action of the judge in refusing to set aside the verdict and in signing the judgment, are formal and were intended to preserve the defendant's right to present the appeal in its entirety. We find

No error.