SAM GREER, EMPLOYEE, v. SWANNANOA LAUNDRY, INCORPORATED, EMPLOYER, AND THE AMERICAN MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 18 May, 1932.)

**Master and Servant F i—Findings of fact of Industrial Commission relative to award are conclusive when supported by evidence.**

Where, in a hearing under the Workmen's Compensation Act, the hearing Commissioner denies compensation and finds upon conflicting evidence that the claimant's loss of an eye was not caused by an accident arising out of and in the course of his employment, but was the result of erysipelas which was not augmented by the employment, and on appeal to the full Commission this finding of fact is approved and the award affirmed, on further appeal to the Superior Court only matters of law involved in the award may be reviewed, and the findings of the Industrial Commission on conflicting evidence are conclusive, and it is error for the judge to reverse the finding and remand the case to the Industrial Commission, and on appeal to the Supreme Court the judgment of the Superior Court will be reversed.

APPEAL by defendants from *Sink, J.,* at January Term, 1932, of BUNCOMBE. Reversed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act.

At the hearing before him at Asheville, N. C., on 14 September, 1931, Commissioner Dorsett found among other facts, which are not in controversy, the following:

"(2) The claimant did not suffer an injury by accident arising out of and in the course of his employment, resulting in the loss of an eye."

"(4) The claimant probably lost his eye as the result of erysipelas. The erysipelas was not caused or aggravated by an accident arising out of and in the course of his employment."

Upon these findings of fact, claimant was denied compensation, and an award to that effect was made by Commissioner Dorsett.

On a review of the award denying claimant compensation for the loss of his eye, the full Commission approved the findings of fact made by Commissioner Dorsett, and affirmed his award. From the award of the full Commission, the claimant appealed to the Superior Court of Buncombe County.

At the hearing of claimant's appeal in the Superior Court, the judge ordered that finding of facts No. 2, made by Commissioner Dorsett and approved by the full Commission, be reversed and stricken from the record. In lieu thereof, he ordered that the following be inserted in the record: "The claimant suffered an injury by accident arising out of and in the course of his' employment, resulting in the loss of an eye."

The judge further ordered and adjudged "that finding of fact No. 4, is contrary to the greater weight of the evidence, and is, therefore, overruled."

From judgment remanding the proceedings to the North Carolina Industrial Commission, with direction that an award be entered in accordance with the judgment, the defendants appealed to the Supreme Court.

*Jas. S. Howell and John B. Anderson for claimant.*
*Johnson, Smathers & Rollins for defendants.*

CONNOR, J. It is provided in the North Carolina Workmen's Compensation Act that either party to a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of said act, may appeal from the decision of said Commission to the Superior Court of the county in which the accident happened, for errors of law under the same terms and conditions as govern appeals in ordinary civil actions. N. C. Code of 1931, sec. 8081(ppp), sec. 60,

chap. 120, Public Laws 1929. It is further provided in said act that an award made by the North Carolina Industrial Commission in a proceeding begun and prosecuted before said Commission for compensation shall be conclusive and binding as to all questions of fact. It has accordingly been held by this Court that only questions of law involved in an award made by the Commission in a proceeding of which the Commission has jurisdiction may be considered and passed upon by the judge of the Superior Court on an appeal to said court from an award made by the North Carolina Industrial Commission. *Aycock v. Cooper, ante,* 500, 163 S. E., 569, and cases cited in the opinion in that case.

In the instant case, it may be conceded that there was evidence tending to show that plaintiff suffered an injury by accident arising out of and in the course of his employment, resulting in the loss of an eye. However, there was also evidence tending to show that the loss of plaintiff's eye was not the result of an accident, but of a disease which was not caused or aggravated by an accident which arose out of or in the course of his employment. The conflicting evidence was considered by both Commissioner Dorsett and by the full Commission. The findings of fact made by Commissioner Dorsett and approved by the full Commission, were conclusive and binding on the judge of the Superior Court. Upon these findings of fact, there was no error in the award denying plaintiff compensation for the loss of his eye, under the provisions of the North Carolina Workmen's Compensation Act. The award should be affirmed. The judgment remanding the proceeding to the Industrial Commission is

Reversed.