SCHENCK, J., took no part in the consideration or decision of this case.
The facts tended to show that on or about 25 November, 1932, the claimant was employed by the defendant to work in a cotton mill. The claimant narrated his injury as follows: "I did have an accident on or about 25 November, while I was working in the Cramerton Mills. I was putting back a warp with the weights on each side to hold the warp in going too fast, to adjust it. . . . The warp is a great big spool of thread and I imagine it would weigh five or six hundred pounds. . . . The lever was full of weights and I don't remember how many big ones I had or how many little ones I had, but I had it on my knee pulling it. I was down like this you see pulling the warp back and it didn't pull any too easy. At that time I felt a burning down here on my left side. During the afternoon it got worse, and then my back began to hurt and I felt a great deal of pain in my back and there was a severe burning. . . . When I got hurt I had been doing this kind of work about seventeen years. I have been doing the same kind of work, pulling these beams, for seventeen years. We don't put weights underneath all the time. Sometimes we put weights underneath and sometimes we don't. . . . It is possible I was in a different strain. In moving the beam sometimes you can put a stock or bobbin under it to make it lighter, but this time I was working in a hurry. . . . I wasn't trying to lift it, I was pulling it, like a spool. I wasn't pulling a dead weight but rolling it over, so it would go easy. I didn't slip when I did this. I didn't fall. No part of the machine fell on me or struck me."
There was medical testimony to the effect that plaintiff had suffered a hernia. The physician was asked whether in his opinion the claimant could have suffered a hernia in the manner described. He said: "I will say it is possible. We may have some weakness there. . . . I would not say it did cause it. I do believe that the hernia was recent and was caused sometime probably within a day or two before I saw him, *Page 710 
certainly within two days before I saw him, but as to this particular strain causing it I wouldn't say. I do think it was a recent hernia on account of the tenderness. It probably was the result of a strain as most hernias are."
Claim was filed with the Industrial Commission, and thereafter when the foregoing facts were developed at the hearing, the commissioner found: "From the evidence in the record compensation must be denied for a finding cannot be made, in the opinion of the commissioner, that the claimant sustained any injury by accident. The doctor who testified was unwilling to say under all the circumstances that he thought the alleged strain caused the hernia. Let an award issue denying compensation."
Upon appeal to the full Commission the order of the hearing commissioner was affirmed. The opinion of the full Commission stated: "In addition to the statement of the case set forth by Commissioner Dorsett, the evidence also shows that the plaintiff had been doing this class of work for approximately seventeen years. The nearest the plaintiff came to describing an accident is when he said: `It is possible I was in an unusual strain.' The full Commission feels that this is not sufficient to classify the injury as being due to an accident."
Thereupon the claimant appealed to the Superior Court. The trial judge after hearing the evidence decreed "that the award of the North Carolina Industrial Commission herein be, and the same is hereby reversed, and it is further ordered and decreed that this cause be remanded to said North Carolina Industrial Commission and that an award be issued in accordance with the law and this judgment."
From the foregoing judgment the defendant appealed.
There was evidence tending to show that the claimant had suffered an injury by accident in the course of his employment. There was evidence to the contrary. The Industrial Commission is a tribunal established by law to find the facts in the first instance. In the exercise of the power so delegated by statute it has found upon conflicting and competent evidence that the claimant was not injured by accident in the course of his employment. Consequently, upon this record, such finding is determinative. The accepted and established principle of law applicable was stated inGreer v. Laundry, 202 N.C. 729, 164 S.E. 116, as follows: "The conflicting evidence was considered by both Commissioner Dorsett and by the full Commission. The findings of fact made by Commissioner Dorsett and approved by the full *Page 711 
Commission, were conclusive and binding on the judge of the Superior Court." Wimbish v. Detective Co., 202 N.C. 800, 164 S.E. 344. SeeMutual Liability Ins. Co. v. Savage, 174 S.E. 363. Therefore, the trial judge improvidently ordered an award.
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.