SCHENCK, J., took no part in the consideration or decision of this case.
The plaintiff, the widow of the deceased employee of the defendant, filed a claim with the Industrial Commission for compensation. The hearing commissioner found that Harry Moore, at the time of his death was employed by the defendant Drug Company. Pertinent excerpts from such findings are as follows:
"On 15 July, 1932, sometime past the middle of the afternoon, the northbound and the southbound buses met at Kings Mountain. There was a box to be transferred from one bus to another as well as a box of drugs to be carried from one of the buses to the drug store. The deceased, along with one of the bus drivers, helped transfer a box or trunk weighing about a hundred pounds from one bus to another, having some little trouble in getting the box on top of the bus to which it was transferred. After doing this the deceased picked up a box of drugs weighing about eighty-five pounds and carried the box several feet into the drug store. He began to feel bad shortly after doing this work and had a pain around his heart and couldn't breathe well. He received the attention of some of his fellow employees and later a doctor. Some few minutes after the doctor left the drug store the deceased was again seized with this trouble around his heart and with difficulty in breathing and died in the drug store. The doctor testified that the deceased, in his opinion, died of coronary thrombus and the physician, during his testimony, testified that the deceased made a statement to him before he died that he first felt pain about his heart and chest while he was returning from the post office. The evidence discloses that the deceased went to the post office before doing any of the work above referred to. . . . Only one doctor testified in the case and the doctor gave it as his opinion that it was possible for the work performed just prior to the death by the deceased could have played some part in the heart trouble that killed him. . . . In this case the commissioner, as much as he would like to award compensation to the wife and six-year-old child, is of the opinion that the burden has not been sustained. Compensation must therefore be denied and it is so ordered."
Upon appeal to the full Commission the said Commission declared as follows: "Upon the finding that the deceased did not sustain an injury by accident which arose out of and in the course of his employment on 15 July, 1932, and that the death of the deceased was the result of a diseased condition that did not result unavoidably from the accident, the full Commission directs that an award issue denying compensation and dismissing the case."
Thereupon the claimant appealed to the Superior Court. After hearing the evidence and the argument the trial judge decreed: "Therefore, the court finds that upon the record there is sufficient and competent *Page 713 
evidence to support the following findings: (1) That Harry Moore, deceased, was employed as pharmacist by the defendant, Summers Drug Company, on 15 July, 1932, at a salary of $35.00 per week; (2) That the deceased, Harry Moore, sustained an injury by accident which arose out of and in the course of his employment on 15 July, 1932; (3) That Harry Moore, deceased, died on said date and his death was the result of said accidental injury; (4) That his widow, Mrs. Bertie Spake Moore, and one child, age six years, are the dependents. . . . On the foregoing findings an award shall issue from the North Carolina Industrial Commission to the effect that Harry Moore, deceased, sustained an injury by accident which arose out of and in the course of his employment on 15 July, 1932, and that the death of the deceased resulted unavoidably from the accident and that the defendants shall pay to the dependents the compensation to which they are entitled under the law. It is now, therefore, ordered and adjudged that the findings of fact and conclusions of law and the decision and award based thereon, of the North Carolina Industrial Commission be overruled, and said findings of fact and conclusions of law, the decision and award, aforesaid, are hereby overruled, reversed and set aside," etc.
From the foregoing judgment, the defendants appealed.
The claimant contended that the death of the employee was caused and brought about by strain and over-exertion in attempting to assist the bus driver in handling a heavy box, and while in the course of his employment. The defendant contended that the death was caused by heart disease. There was evidence that the deceased had returned from the post office immediately preceding the effort to lift the heavy box. When the physician arrived and questioned the deceased as to his symptoms, he stated that "he first noticed the pain in his chest while coming from the post office." This statement was competent for the reason that it was a declaration as to bodily feeling, and hence without the boundary of the hearsay rule. Bryantv. Construction Co., 197 N.C. 639, 150 S.E. 122.
Therefore, it is obvious that more than one inference of fact could be drawn from the evidence. It has been held with unbroken uniformity that the findings of fact by the Industrial Commission from conflicting evidence, are conclusive upon appeal to the Superior Court. One of the recent utterances upon the subject is found in Kenan v. Motor Co., 203 N.C. 108,164 S.E. 729, in which the Court said: "It is well settled that if there is any competent evidence to support the findings *Page 714 
of fact of the Industrial Commission, although this Court may disagree with such findings, this Court will sustain the findings of fact made by the Commission," etc. Aycock v. Cooper, 202 N.C. 500, 163 S.E. 569; Greerv. Laundry, 202 N.C. 729, 164 S.E. 116; Leggett v. Cramerton Mills,ante, 708; Smith v. Hauser and Co., ante, 562.
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.