T. L. KEARNS v. BILTWELL CHAIR & FURNITURE COMPANY ET AL.

(Filed 16 December, 1942.)

**Master and Servant §§ 52c, 55d—**

> Findings of fact by the Industrial Commission, when supported by competent evidence, are conclusive on appeal, in both the Superior and Supreme Courts.

BARNHILL, J., dissents.

APPEAL by defendants from *Olive, Special Judge,* at September Term, 1942, of DAVIDSON.

Proceeding under Workmen's Compensation Act to determine liability of defendant employer and insurance carrier to plaintiff, injured employee.

On 4 August, 1941, the plaintiff, while in the employ of Biltwell Chair & Furniture Company at its plant in Denton, N. C., operating a machine known as a sander, discovered a big-headed, rusty upholstering tack sticking through the sole of his shoe and entering his right foot beneath the big toe, from which infection set in, finally necessitating the amputation of his right leg.

The Industrial Commission found that the injury by accident which the plaintiff sustained arose out of and in the course of his employment, and accordingly awarded compensation. The defendants appealed to the Superior Court, challenging the sufficiency of the evidence to support the findings of the Commission.

From judgment affirming the award of the Commission, the defendants appeal, assigning errors.

*J. F. Spruill for plaintiff, appellee.*
*Don A. Walser for defendants, appellants.*

STACY, C. J. There is ample evidence to support the findings of fact made by the Industrial Commission, and, on the facts found, the award appears to be correct.

To debate the different inferences which the parties seek to draw from the evidence would be to travel again the same ground covered by the Industrial Commission. The findings of fact, supported as they are by competent evidence, are "conclusive and binding as to all questions of fact" (N. C. Code 1939, sec. 8081 [ppp]), and on appeal are not subject to review by the Superior Court or this Court, even though we might be inclined to a contrary view if permitted to review the factual deter-

minations. *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542; *Beach v. McLean,* 219 N. C., 521, 14 S. E. (2d), 515; *Reed v. Lavender Bros.,* 206 N. C., 898, 172 S. E., 877; *Greer v. Laundry,* 202 N. C., 729, 164 S. E., 116.

The record presents only a factual dispute, which the Commission has resolved in favor of the injured employee.

Affirmed.

BARNHILL, J., dissents.