JOE M. CONNER, EMPLOYEE, v. UNITED STATES RUBBER COMPANY, EMPLOYER, SELF-INSURER.

(Filed 26 September, 1956.)

**1. Master and Servant § 55d—**

Where exceptions to the findings of the hearing commissioner are not preserved and no exception is entered either to the findings of fact or conclusions of law made by the Industrial Commission, the sufficiency of the evidence to support the findings is not presented for review in the Superior Court, and the review therein is limited to the single question whether the findings are sufficient to support the award.

**2. Appeal and Error § 27—**

Where no exceptions to the findings of fact are preserved on the appeal from the Industrial Commission to the Superior Court, the sufficiency of the evidence to support the findings is not presented on further appeal to the Supreme Court, and it will be presumed that the findings are supported by the evidence, and the sole question is whether the findings are sufficient to support the judgment.

**3. Master and Servant § 55d—**

Findings of fact by the Industrial Commission are conclusive if supported by competent evidence, even though the evidence upon the entire record might also support a contrary finding.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Clarkson, J.,* February Term, 1956, of GASTON.

Proceeding under Workmen's Compensation Act to determine the liability of defendant, self-insurer, to the plaintiff, employee, for additional compensation.

On 20 May 1953 the plaintiff sustained an injury by accident arising out of and in the course of his employment. The parties thereafter entered into an agreement for the payment of compensation. Compensation was paid at the lawful rate for temporary total disability from 20 May 1953 to 13 August 1953, when payments of compensation were stopped by authority of the Industrial Commission (hereinafter called Commission).

According to the findings of fact by the hearing Commissioner on 30 November 1954, the plaintiff returned to work as a spare hand in August 1953 and continued to work for the defendant until some time in September 1954. He stopped working for the defendant by his own choice. In the meantime, according to the record, the employee requested a hearing on 8 December 1953, contending that he suffered an injury to his back in addition to the admitted injury to his head. The defendant denied that the plaintiff had suffered a back injury. It was

agreed that the defendant would attempt to provide suitable work for the plaintiff and the plaintiff agreed to accept such work. It was further agreed that the case might be removed from the hearing calendar without prejudice to either party and that it would not be heard with respect to the contention as to the back injury, until some interested party should so request.

According to finding of fact No. 4, the plaintiff was examined by Dr. Roland T. Bellows on 15 October 1954, and "at that time the plaintiff had no residual disability as a result of the injury by accident giving rise hereto which would affect his wage earning capacity."

The findings of fact further show that on 25 October 1954, the plaintiff was examined by Dr. George Carswell Blanchard, and "at that time the plaintiff was alert mentally and he was, neurologically, entirely negative with no disability which would affect his ability to earn wages."

Upon these and other findings of fact, the hearing Commissioner concluded as a matter of law that the plaintiff had suffered no loss of wage earning capacity on account of the injury by accident on 20 May, 1953, since 13 August 1953, and is, therefore, not entitled to any additional compensation.

The plaintiff appealed to the Commission. The Commission adopted as its own the findings of fact and conclusions of law of the hearing Commissioner and affirmed the award entered by him. Whereupon, the plaintiff appealed to the Superior Court of Gaston County, "for errors of law in the review of the award made by the . . . Commission." His Honor heard the matter and overruled the plaintiff's exceptions and affirmed the order of the Commission. The plaintiff appeals to the Supreme Court, assigning error.

*Hamrick & Hamrick for plaintiff, appellant.*
*Mullen, Holland & Cooke for defendant, appellee.*

DENNY, J. The plaintiff took no exception to any of the findings of fact set out in the statement of facts herein. Exceptions to other findings were entered, which the court below held were supported by competent evidence.

In the instant case, however, as in *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467, and in *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762, no exception was entered either to the findings of fact or conclusions of law made by the Commission. Neither did the plaintiff except to the award entered by the hearing Commissioner or the Commission. Consequently, the court below, on the record as presented, was not required to determine whether or not the findings were supported by competent evidence. The appeal to the Superior Court was not for

a review of exceptions taken to the findings of fact and conclusions of law made by the Commission, but was expressly limited to errors of law made by the Commission. Therefore, the single question presented to the Superior Court was whether the facts found by the Commission were sufficient to support the award. *Wyatt v. Sharp, supra.* The exceptions to the findings of the hearing Commissioner, upon appeal to the Commission, were not preserved in the appeal from the Commission to the Superior Court. Hence, such findings will be presumed to be supported by the evidence and are binding upon appeal. *Wyatt v. Sharp, supra; Greene v. Bd. of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601. The facts found by the Commission are sufficient to support the judgment entered below.

Notwithstanding the medical testimony adduced in the hearing before the hearing Commissioner, we think there was evidence upon which the Commission might have found that the plaintiff had suffered a loss of wage earning capacity since 13 August 1953. Even so, a careful review of the whole record leads us to the conclusion that the findings of fact are supported by sufficient evidence to compel an affirmance of the award had exceptions been entered to the findings of fact and conclusions of law of the Commission and duly preserved in the subsequent hearings.

Findings of fact by the Commission are conclusive if supported by competent evidence, even though the evidence upon the entire record might also support a contrary finding. *Watson v. Clay Co.,* 242 N.C. 763, 89 S.E. 2d 465; *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Insurance Co.,* 226 N.C. 325, 38 S.E. 2d 97; *Kearns v. Furniture Co.,* 222 N.C. 438, 23 S.E. 2d 310.

The judgment of the court below is
Affirmed.

JOHNSON, J., not sitting.