RUTH ASHLEY ET AL. v. F-W CHEVROLET CO. ET AL.

(Filed 23 September, 1942.)

**1. Master and Servant §§ 40d, 40e—**

Where, in defendants' garage, it was customary for the employees to furnish their own tools and to borrow from each other, and an altercation between two employees over their tools occurring while they were working, resulting in an assault by one which killed the other, *held,* a finding by the Industrial Commission that such assault was an accident arising out of and in the course of the employment sufficient to sustain the award.

**2. Same—**

Under the Workmen's Compensation Act, an injury arises out of the employment, when it occurs in the course of employment and is a natural or probable consequence or incident of it, and if the injury had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected.

**3. Same—**

If one employee assaults another solely from anger, hatred, revenge, or vindictiveness, not growing out of or as an incident to the employment,

the injury is to be attributed to the voluntary act of the assailant, and not as an incident of the employment; but if the assault be incidental to some duty of the employment, the injuries suffered thereby may properly be said to arise out of the employment.

**4. Same—**

When the record contains evidence to support either a finding that the accident did or did not arise out of and in the course of employment, the findings of the Industrial Commission are conclusive on appeal.

APPEAL by defendants from *Bobbitt, J.,* at April Term, 1942, of SURRY.

Proceeding under Workmen's Compensation Act to determine liability of defendants to the surviving widow and minor son, sole dependents of Vanious Z. Ashley, deceased employee.

Vanious Ashley and Spencer Marlowe were employed by the F-W Chevrolet Company in its service garage at Elkin, N. C., the former as mechanic, the latter as helper.

The Industrial Commission, in addition to the jurisdictional determinations, made these essential findings:

1. That it was a custom in the shop for the workers and employees, and especially the deceased, Vanious Ashley, and Spencer Marlowe, to furnish their own tools with which they worked, or at least a part of them.

2. That it was a custom between Vanious Ashley and Spencer Marlowe to borrow each other's tools to be used in the work which they were doing for the defendant; that Vanious Ashley had a box of tools, and Spencer Marlowe had only two or three tools that he used and, therefore, Spencer Marlowe borrowed tools frequently from Vanious Ashley to be used in the work for which they were employed to do.

3. That a few days prior to 23 May, 1940, Vanious Ashley had become tired of allowing Spencer Marlowe to use his tools and was keeping his tools in a tool box with a lock on the same; that on 23 May, 1940, about 2:00 or 3:00 o'clock in the afternoon Vanious Ashley was working on a car in the garage of the defendant and Spencer Marlowe was working on another car near-by, and in the course of their work Spencer Marlowe passed near-by the tool box belonging to Vanious Ashley and remarked to Vanious Ashley, "You had better lock your tool box, you usually do," and Vanious Ashley replied that it was his "damn tool box," and he would lock it if he wanted to; and, that as a result of the feeling engendered between the two men about the tools to be used by them in carrying on their duties, and immediately after the exchange of said words and while on the premises of the defendant company and while about the duties of their employment, Spencer Marlowe struck Vanious Ashley in the back of the head either with his fist or some object and fractured his

skull, knocking him to the floor, and from which blow the said Vanious Ashley died within a few hours.

4. That the manager of the defendant, Chevrolet Company, knew that his employees, including Vanious Ashley and Spencer Marlowe, furnished a portion of their own tools with which they did their work in the plant of the defendant, and that they frequently borrowed each other's tools.

5. The Commission . . . finds as a fact that the injury sustained by Vanious Ashley . . . . arose out of and in the course of his employment.

Upon the facts found, the Commission awarded compensation, and this was affirmed on appeal to the Superior Court. From this latter ruling, the defendants appealed, assigning error.

*William M. Allen and Hoke F. Henderson for plaintiffs, appellees.*
*Jones & Smathers for defendants, appellants.*

STACY, C. J. Did Ashley's death result from an injury by accident arising out of and in the course of his employment? The record permits an affirmative inference.

By the terms of the Workmen's Compensation Act, a compensable death is one which results to an employee from an injury by accident arising out of and in the course of the employment. *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844. An injury is said to "arise out of" the employment when it occurs in the course of the employment and is a natural or probable consequence or incident of it. *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728. "There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266.

In the case of injuries inflicted by assault, the rule is that if one employee assault another solely from anger, hatred, revenge, or vindictiveness, not growing out of or as an incident to the employment, the injury is to be attributed to the voluntary act of the assailant, and not as an incident of the employment. *Martin v. Sloss-Sheffield Steel & Iron Co.,* 216 Ala., 500, 113 So., 578. But if the assault be incidental to some duty of the employment, the injuries suffered thereby may properly be said to arise out of the employment. *Jacquemin v. Turner & Seymour Mfg. Co.,* 92 Conn., 382, 103 Atl., 115. The statement of the rule, as thus distilled from the authorities, is simple enough. Its application is sometimes fraught with puzzling effect. Here persuasive arguments may be advanced in favor of either conclusion, and were so

advanced on the hearing. When the record is such as to support either result, the findings of the Commission are controlling. *Lockey v. Cohen, Goldman Co.,* 213 N. C., 356, 196 S. E., 342; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542.

But for the custom or practice of borrowing tools in the plant, the incident here in question might not have occurred. Hence, it is permissible to infer that the injury by accident which resulted in harm to the employee arose out of the employment as an incident to the method of carrying on the work in the shop. It is clear that it occurred in the course of the employment. *Conrad v. Foundry Co., supra.*

The result is an affirmance of the judgment below.

Affirmed.