HELEN H. ELDRIDGE, ADMINISTRATRIX OF A. DANIEL ELDRIDGE, DECEASED, v. CHURCH OIL COMPANY, INC., AND CHURCH OIL COMPANY, A PARTNERSHIP, GULF OIL CORPORATION, AND T. P. MAYBERRY.

(Filed 20 September, 1944.)

**Master and Servant § 21b: Trial § 22b—**

In an action to recover damages for alleged wrongful death of plaintiff's intestate, the evidence tending to show that a fight occurred at a filling station between plaintiff's intestate and the operator of the filling station, in the presence of an agent of defendants, who was there to

deliver oil for his principals, and the operator, fleeing from plaintiff's intestate, seeking the aid of the defendants' agent to expedite his retreat, climbed into the defendants' truck, whereupon defendants' agent drove the truck off, in an effort to help the operator escape, and thus fatally injured plaintiff's intestate, who was on the running board fighting the operator through the window of the truck, judgment of nonsuit was proper.

APPEAL by plaintiff from *Clement, J.,* at January Term, 1944, of SURRY. Affirmed.

Action for wrongful death alleged to have been caused by negligent or willful conduct attributable to each of the named defendants. Defendant Mayberry answered, but defendants Gulf Oil Corporation and Church Oil Company demurred to the complaint on the principal ground that it failed to state facts sufficient to constitute a cause of action as to either of these demurring defendants.

The demurrers were sustained and plaintiff appealed.

*Wm. M. Allen and Hoke F. Henderson for plaintiff.*
*Folger & Folger and Hutchins & Parker for defendants.*   ·

DEVIN, J.  The facts set out in the complaint, the sufficiency of which is challenged by the demurring defendants, may be briefly stated as follows: Defendant Gulf Oil Corporation is engaged in the sale and distribution of gasoline, and defendant Church Oil Company is the wholesale distributor of its products in the locality referred to.  It is alleged that a truck used in delivering gasoline by defendant Oil Companies was operated by one Lowery, the employee of Church Oil Company, which in turn was agent and distributor of Gulf Oil Corporation; that defendant Mayberry, also alleged to have been the agent of the Oil Companies, operated a gasoline service station.  On the occasion of the injury complained of, it is alleged that Lowery with the truck was at Mayberry's service station and "was there to deliver products of Gulf Oil Corporation, through its agent Church Oil Company," to the service station from the truck; that plaintiff's intestate and Mayberry became engaged in a personal altercation in the service station resulting in a running fight which was continued outside.  Mayberry being pursued by plaintiff's intestate, requested Lowery to get him away from the station.  Thereupon Lowery "by concert of action and understanding engaged in a conspiracy to protect said Mayberry from physical combat" with intestate, and "entered said altercation on side of and with Mayberry," and got into the cab of the truck and started the motor and · allowed Mayberry to get into the cab while plaintiff's intestate was in the door and on the running board, and then without regard to the safety

of plaintiff's intestate and while he and Mayberry were engaged in a struggle put the truck in motion, and, though he saw Mayberry strike plaintiff's intestate causing him to lose balance and fall under the truck, continued the operation of the truck and ran over and fatally injured plaintiff's intestate.

While there are repeated allegations in the complaint that Lowery was at the time and with respect to this transaction the agent of defendant Oil Companies, and that his action in the premises was in the scope and course of his employment by them, these may be regarded as the conclusions and deductions of the pleader, but the Court must look to the essential facts set out rather than to the qualifying phrases. Viewed in this light, we reach the conclusion that the facts alleged fail to show that the tortious conduct of Lowery in the operation of the truck in the manner detailed was within the scope or course of his employment or in the furtherance of the business of either defendant Oil Company. It seems a fight occurred at a filling station to which Lowery had gone to deliver gasoline. The station operator, fleeing from his adversary, sought Lowery's aid to expedite his retreat. Lowery's prompt response to this request resulted in running over and injuring plaintiff's intestate. The transaction as stated was entirely foreign to the business of Lowery's principals, and cannot be held in law to impose liability upon either.

The ruling below in sustaining the demurrers is supported by numerous decisions of this Court. *Ferguson v. Spinning Co.*, 196 N. C., 614, 146 S. E., 597; *Jackson v. Scheiber*, 209 N. C., 441, 184 S. E., 17; *Parrish v. Mfg. Co.*, 211 N. C., 7, 188 S. E., 817; *Snow v. DeButts*, 212 N. C., 120, 193 S. E., 224; *Parrott v. Kantor*, 216 N. C., 584, 6 S. E. (2d), 40; *Hammond v. Eckerd's*, 220 N. C., 596, 18 S. E. (2d), 151.

The distinction is pointed out in *Gallop v. Clark*, 188 N. C., 186, 124 S. E., 145, and *Ashley v. Chevrolet Co.*, 222 N. C., 25, 21 S. E. (2d), 834.

Judgment affirmed.