## OLA JOHNSON BROWN v. CAROLINA ALUMINUM CO.

(Filed 13 December, 1944.)

**1. Master and Servant § 40d—**

Injury by accident implies a result produced by a fortuitous cause. An accident, within the meaning of the Workmen's Compensation Act, is defined as an unlooked-for and untoward event which is not expected or designed by the person who suffers the injury.

**2. Master and Servant § 40e—**

On the question as to whether or not an injury by accident, under the Workmen's Compensation Act, arises out of and in the course of the employment, the words "out of" refer to the origin or cause of the accident, while the words "in the course of" have reference to the time, place and circumstances under which it occurred.

**3. Master and Servant § 40f—**

The fact that deceased was not actually engaged in the performance of his duties as watchman, at the time he was pushed over and injured unintentionally by a fellow employee in a hurry, does not perforce defeat his claim for compensation under the Workmen's Compensation Act. Both employees had checked in for work, were on the premises and where they had a right to be. The injury by accident arose out of and in the course of the employment.

**4. Master and Servant § 52c—**

The factual determinations of the Industrial Commission are conclusive on appeal to the Superior Court and in this Court.

APPEAL by defendant from *Gwyn, J.,* at February Term, 1944, of STANLY.

Proceeding under Workmen's Compensation Act to determine liability of defendant to the surviving widow, sole dependent of P. L. Brown, deceased employee.

In addition to the jurisdictional determinations, the essential findings of the Industrial Commission follow:

On the morning of 18 August, 1942, P. L. Brown, who was employed by the defendant as a watchman, checked in or punched the time clock at 5:55 a.m., went to his job and about fifteen minutes later returned to the washroom to get his flashlight and was standing on the concrete floor in a passageway three feet wide through which all employees passed upon entering the plant, when Archie B. Coggin, a fellow employee, came through the turnstile into the passageway. Brown put his hands on Coggin's shoulders and Coggin, being in a hurry, pushed him aside. Brown fell backward and hit his head on the concrete floor. He died as a result of the injury three days later. Brown's weight was from 230

to 250 pounds. His death resulted from an injury by accident which arose out of and in the course of his employment.

The Commission reached the conclusion that "the deceased, having punched the time clock, entered upon his duties and later returned to the washroom to get his flashlight, saw Archie B. Coggin, who had just passed through the turnstile and was yet within the narrow passageway and through a spirit of friendship or salutation placed his hands on Coggin's shoulder and Coggin, being in a hurry to get to the toilet, unintentionally pushed the deceased too hard causing him to fall backward and therefore the accident was due primarily to Coggin's rush rather than any playful act on the part of the deceased."

The Commission awarded compensation, and this was affirmed on appeal to the Superior Court. From this latter ruling, the defendant appeals, assigning errors.

*Henderson & Henderson for plaintiff, appellee.*
*R. L. Smith & Son for defendant, appellant.*

STACY, C. J. The deceased was employed by the defendant as a watchman in its plant at Badin. He had checked in for the day's work. *Mion v. Marble & Tile Co.,* 217 N. C., 743, 9 S. E. (2d), 501. After going to his job, he returned to the washroom to get his flashlight. He met a fellow employee in a narrow passageway near the entrance to the plant. This fellow employee, being in a hurry, sought to get by the deceased without delay. The deceased had stopped him in friendly fashion by placing his hands on his shoulders. Because of the narrow passageway, the fellow employee, in his haste, pushed the deceased too hard and caused him to fall backward and to hit his head on the concrete floor. Thus the accident may properly be denominated "an injury produced without the design or expectation of the workman." *McNeely v. Asbestos Co.,* 206 N. C., 568, 174 S. E., 509. Injury by accident implies a result produced by a fortuitous cause. *Scott v. Ins. Co.,* 208 N. C., 160, 179 S. E., 434. An "accident" within the meaning of the Workmen's Compensation Act has been defined "as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266. The injury, therefore, was an "injury by accident." *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844.

Did the injury by accident which the deceased sustained arise out of and in the course of the employment? This is the crucial question in the case.

The words "out of" refer to the origin or cause of the accident, while the words "in the course of" have reference to the time, place and cir-

cumstances under which it occurred. *Wilson v. Mooresville,* 222 N. C., 283, 22 S. E. (2d), 907; *Conrad v. Foundry Co., supra.*

The finding that the injury by accident which the deceased sustained arose "out of" the employment is supported by a number of decisions, notably *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20, and cases there cited. The conclusion that it occurred "in the course of" the employment also finds support among the decisions. *Hegler v. Cannon Mills, ante,* 669. It was an ordinary risk of the business which the workman was required to assume at common law, but is now imposed on the employer by the Workmen's Compensation Act. *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594.

The fact that the deceased was not actually engaged in the performance of his duties as watchman at the time of the injury would not perforce defeat plaintiff's claim for compensation. *Hopwood v. City of Pittsburgh,* 152 Pa. Super., 398, 33 A. (2d), 658. He was on the premises of the defendant and at a place where he had a right to be. *Boettcher v. University of Rochester,* 43 N. Y. S. (2d), 956. Both the deceased and Coggin had checked in for the day's work. They were fellow employees. The evidence supports the finding that the injury by accident which the deceased sustained arose out of and in the course of the employment. Hence, the factual determinations of the Commission are conclusive on appeal to the Superior Court and in this Court. *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310.

The result is an affirmance of the judgment below.

Affirmed.