VIOLA HOWELL AND EDNA BYRD, SISTERS, AND ROBERT FULWILEY, BROTHER, NEXT-OF-KIN OF JOHN HENRY FULWILEY, DECEASED, v. STANDARD ICE & FUEL COMPANY, EMPLOYER; AND U. S. CASUALTY COMPANY, CARRIER.

(Filed 20 November, 1946.)

**1. Master and Servant § 40c—**

Deceased in performance of his duties in unloading coal cars on a trestle had swept out the coal which failed to fall by gravity from one end of a car, and while waiting for the gravity fall of coal to cease in unloading the other end of the car in like manner, fell from the trestle to his fatal injury. *Held:* Deceased was required to be on the trestle in the discharge of his duties, and the risk of falling therefrom was a hazard of the employment, and at the time of injury deceased was doing what he was assigned to do, and therefore his death was from accident arising out of the employment.

**2. Same: Master and Servant § 40a—**

Where an employee engaged in sweeping out coal failing to fall by gravity from cars after the opening of the doors of the cars, is directed to stand on oil tanks on one side of the trestle while waiting for the gravity flow of coal to cease, his failure to take the position directed and his act in moving to the other side of the trestle may be negligence, which does not bar recovery under the Workmen's Compensation Act, but an accident occurring during the period of waiting required by his employment nevertheless arises out of the employment.

**3. Same—**

The Workmen's Compensation Act must be liberally construed, and the term "out of the employment" will not preclude recovery for an accident occurring while an employee is not in the exact spot designated by the employer if the employee is at the place he is required to be in the performance of his duties.

APPEAL by defendants from *Hamilton, Special Judge,* at June Extra Term, 1946, of MECKLENBURG. Affirmed.

Claim for death benefit compensation under the Workmen's Compensation Act.

The deceased, John Henry Fulwiley, was employed by defendant Standard Ice & Fuel Company as a laborer or helper. As such he was required to help unload coal, load wagons, and do similar work. On 20, March, 1945, he fell from a coal-car-unloading trestle, sustaining injuries which caused his death. As he left no dependents the claim is prosecuted in behalf of next of kin.

The employer was engaged in marketing coal. It maintained on its premises an elevated trestle about twelve feet high for the purpose of unloading coal from railroad cars through a hopper into trucks below. There was a walkway on each side of the track of sufficient width to

permit employees to walk or stand by the side of a coal car while it was on the trestle.

On 20 March, 1945, defendant was unloading a coal car on the trestle. Deceased was sent to the trestle to sweep out the coal after the gravity flow ceased. The front or near end of the car was placed over the hopper and was unloaded. Deceased then entered the car and swept out the coal as he was required to do. He was then told to stand on the flat top of some oil tanks built flush against the trestle while other employees moved the car forward so that the other end could be unloaded, after which he was again to enter the car and sweep out the coal. As other employees were opening the door of the coal car, deceased was seen near where they were working, on the side opposite the oil tanks, and when the door was opened the rush of coal caused the temporary hopper' to collapse. One of the boards struck deceased and knocked him off the trestle. He fell to the concrete paving below, sustaining injuries which proximately caused his death.

The hearing commissioner found the facts, concluded that the deceased sustained an injury by accident arising out of and in the course of his employment which proximately caused his death and made an award under the statute. The full commission approved and, on appeal to the Superior Court, the judge below affirmed. Defendants excepted and appealed.

*Taliaferro, Clarkson & Grier for plaintiffs, appellees.*
*Helms & Mulliss and James B. McMillan for defendants, appellants.*

BARNHILL, J. It is admitted that deceased was an employee of defendant fuel company and that he was injured by accident on 20 March, 1945, and died the next day as a result of such injuries. That he received the injuries in the course of his employment could not be seriously debated. Hence the one question posed for decision is this: Is there any evidence in the record to sustain the conclusion that the injury by accident arose out of the employment of the deceased?

The term "arose out of" has been so often defined by this Court that it now has an established and well-recognized meaning. *Bryan v. T. A. Loving Co.,* 222 N. C., 724, 24 S. E. (2d), 751, and cited cases. The accident suffered by deceased, in our opinion, comes clearly within that meaning.

He was sent by his superior to the trestle platform to perform certain duties in connection with the unloading of a car of coal. He had swept out the front end and was waiting until the car could be moved and the "off" end unloaded so that he could sweep that out also. So then, he was doing what at the time he was assigned to do—waiting until the gravity flow of coal ceased. He was on the unloading trestle where his

work required him to be. The risk of falling from the trestle was a hazard of the employment to which he was exposed by virtue of his assignment to assist in the unloading. The nature of the work was the very thing that carried him there.

But defendants insist that "Fulwiley's only job on the trestle was the narrow and specific job of pushing down coal inside the car after the end of the car was nearly empty"; he "was not authorized to be on the west side of the trestle when the car doors were being opened"; he "voluntarily left his place of safety in violation of understood instructions"; and he "had no duties to perform anywhere while the doors were being opened."

This is to say an employee must step only where his work compels him to step; go only to the exact spot his duties require him to go. The rule of liberal construction will not permit such a narrow and restricted application of the law.

The failure of the deceased to observe the instructions to stand on the top of the oil tanks and his going on the west side where the workmen were opening the doors were, at most, acts of negligence which do not bar recovery. *Archie v. Lumber Co.,* 222 N. C., 477, 23 S. E. (2d), 834; *Michaux v. Bottling Co.,* 205 N. C., 786, 172 S. E., 406.

He was on the trestle to perform the work assigned to him, and it was as much his duty to wait while the unloading was in progress as it was for him to enter the car and sweep it out after the gravity flow ceased. *Brown v. Aluminum Co.,* 224 N. C., 766, 32 S. E. (2d), 320.

The cases cited and relied on by defendants are clearly distinguishable. In each the workman, of his own volition and for his own pleasure or convenience, undertook to do something entirely outside the work he was employed to do. *Bellamy v. Mfg. Co.,* 200 N. C., 676, 158 S. E., 246, is more nearly in point.

As the uncontroverted evidence supports the conclusion that the injury by accident sustained by deceased arose out of and in the course of his employment, the judgment must be

Affirmed.