MARTHA H. BOLLING (MRS. LOUIS H. CROWELL), ET AL., v. BELK-WHITE CO., ET AL.

(Filed 7 April, 1948.)

**1. Master and Servant § 40c—**

> Evidence tending to show that deceased came to his death as a result of a pistol wound while at a place where he had a right to be in the course of his employment, without evidence that he was authorized to keep a pistol or use it in the business of the employer, is insufficient to support an award of compensation on the ground that in the absence of a showing of suicide it will be presumed that the death resulted from an accident, since, even so, there is neither presumption nor evidence to support the necessary basis for compensation that the accident arose out of the employment.

**2. Master and Servant § 40a—**

> An injury to an employee must result from an accident arising out of and in the course of employment in order to be compensable under the Workmen's Compensation Act.

**3. Master and Servant § 40c—**

> An accident "arises out of" the employment if it results from a risk involved therein or incident thereto, or to conditions under which the work is required to be performed, so that there is a causal connection between the employment and the injury.

APPEAL by defendants from *Alley, J.,* at September Term, 1947, of WATAUGA.

Proceeding under Workmen's Compensation Act to determine liability of defendants to widow and two minor children of Louis H. Crowell, deceased employee.

Louis H. Crowell was manager of Belk's Department Store in Boone, Watauga County. On the morning of 7 February, 1945, between 2:30

and 3:00 a.m., his lifeless body was found in the basement of the store building with a .32 caliber pistol lying nearby. The circumstances suggested suicide. A coroner's jury concluded that "the deceased came to his death by a pistol shot in his own hands, either accidentally or intentionally inflicted."

The Industrial Commission found that "the deceased came to his death by violence on the premises of the defendant employer, and at a place where the claimant (deceased), had a right to be, and in the course of his employment." Hence, in the absence of a showing of suicide, the Commission concluded that a presumption of accident would prevail under the decision in *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324; *S. c.,* 218 N. C., 586, 11 S. E. (2d), 873. Compensation was thereupon awarded on authority of that case.

On appeal to the Superior Court the award of the Commission was upheld. From this latter ruling, the defendants appeal, assigning errors.

*Trivette, Holshouser & Mitchell and Wade E. Brown for plaintiffs, appellees.*

*Helms & Mulliss and James B. McMillan for defendants, appellants.*

STACY, C. J. The claimants frankly concede that the award, if sustained, must be made to rest on presumptions. The hiatus in the case arises from the fact that while there may be a presumption of injury by accident, which occurred in the course of the employment, there is neither presumption nor evidence to support the conclusion that the injury arose out of the employment. *Taylor v. Wake Forest, ante,* 346; *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; Anno. 120 A. L. R., 683. This defeats the award.

There is no suggestion that the deceased was authorized to keep a pistol or to use it in the business of the employer. The causal connection between the injury and the employment is not apparent as was the case in *McGill v. Lumberton,* 218 N. C., 586, 11 S. E. (2d), 873; *S. c.,* 215 N. C., 752, 3 S. E. (2d), 324.

The occurrence to an employee of an injury, (1) by accident (2) arising out of and (3) in the course of the employment, is the *sine qua non* to compensation under the North Carolina Workmen's Compensation Act. G. S., Ch. 97. "Arising out of" has been defined to mean as coming from the work the employee is to do, or out of the services he is to perform, and as a natural result of one of the risks of the employment. The injury must spring from the employment or have its origin therein. *Ashley v. Chevrolet Co.,* 222 N. C., 25, 21 S. E. (2d), 834; *Bryan v. Loving Co.,* 222 N. C., 724, 24 S. E. (2d), 751; *Hunt v. State,* 201 N. C., 707, 161 S. E., 203; *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E.,

266. The accident "arises out of" the employment when it occurs in the course of the employment and is the result of a risk involved therein or incident thereto, or to the conditions under which it is required to be performed. *Taylor v. Wake Forest, supra.* There must be some causal connection between the employment and the injury. *Canter v. Board of Education,* 201 N. C., 836, 160 S. E., 924; *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594; *Plemmons v. White's Service,* 213 N. C., 148, 195 S. E., 370; *Ridout v. Rose's Stores, Inc.,* 205 N. C., 423, 17 S. E. (2d), 642; *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728; *Brown v. Aluminum Co.,* 224 N. C., 766, 32 S. E. (2d), 320; *Wilson v. Mooresville,* 222 N. C., 283, 22 S. E. (2d), 907; *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20.

The record fails to sustain the award of the Industrial Commission. Hence, the judgment below should have been for the appellants.

Reversed.