JACK CARR STUBBLEFIELD, DECEASED EMPLOYEE; MR. AND MRS. HARVEY STUBBLEFIELD, PARENTS, PLAINTIFFS v. WATSON ELECTRICAL CONSTRUCTION COMPANY, AND THE TRAVELERS INSURANCE COMPANY, DEFENDANTS

No. 39

(Filed 16 December 1970)

**1. Master and Servant §§ 56, 60— workmen's compensation — death arising out of course of employment**

An apprentice electrician, who idly knocked off dust and pieces of brick from a conveyor belt in a brick factory and became entangled and was dragged to an immediate death between the belt and the rollers, died in an accident arising out of the course of his employment with an electrical contracting firm, where, at the instant of the accident, the apprentice was waiting for his foreman to descend from a ladder in order that the two of them might proceed with the electrical firm's work at the brick plant.

**2. Master and Servant § 56— workmen's compensation — causal relation between accident and employment.**

An accident arises out of the employment if there is a causal relation between the accident and the employment.

**3. Master and Servant § 56— causal relation between accident and employment — exposed place of danger**

A causal relation exists between the accident and the employment when the duties of the employment require the employee to be in a place at which he is exposed to a risk of injury to which he would not otherwise be subject, and while there he is injured by an accident due to the peculiar hazard of that location.

Stubblefield v. Construction Co.

4. Master and Servant § 58— workmen's compensation — negligence by injured employee

An act of negligence by an employee while he was in the performance of his duty of waiting for his foreman did not bar the employee's right to compensation for the accident resulting from the negligence.

APPEAL from the judgment of the Court of Appeals affirming an award of compensation and funeral expenses by the North Carolina Industrial Commission, which judgment is reported in 9 N.C. App. 4. The undisputed evidence before the Commission was to the effect that:

Jack Carr Stubblefield, the deceased, was employed by Watson Electrical Construction Company as an apprentice electrician. On 29 May 1969, he and his foreman were doing electrical work for their employer at the plant of Cherokee Brick Company in Moncure. In the room where they were working there were several conveyor belts in operation, there being no safety devices or guard rails around these conveyors. Their work was not related to the conveyors but was with reference to some new machinery installed in the plant.

The immediate task of the two men was the transfer of some 60 feet of wire "from one box to another" (presumably, from one switch box to another). The foreman, standing at the top of an eight-foot ladder, was feeding this wire into a conduit. Stubblefield, some distance away, was pulling the wire from the other box and so feeding it to the foreman. When he had pulled about half the wire out, it became tight so that he could pull it no further. He so advised the foreman and then proceeded directly to the point at which the foreman was working, passing under one of the conveyors in so doing. Stubblefield stood waiting for the foreman to descend from the ladder. His purpose in so doing was to assist the foreman in cutting the wire. He was standing near the conveyor, which was approximately five and one-half feet from the floor at that point.

While so standing and waiting for the foreman, Stubblefield undertook to knock some dust and pieces of brick from the conveyor rollers with a nine-inch pair of pliers, which he held in his hand. This action had no relation to his duties. As he knocked the dust and brick fragments from the rollers, his hand became entangled in the belt or the rollers. He was pulled between the rollers and the conveyor and was instantly killed.

The deputy commissioner, who conducted the hearing, found the foregoing facts. The defendants concede that these findings are supported by the evidence. The deputy commissioner further found and concluded that the deceased sustained an injury by accident arising out of and in the course of his employment, which injury resulted in his death. The deceased having no dependents, compensation was awarded to his parents.

Upon appeal by the defendants, the Full Commission adopted as its own the findings, conclusions and award made by the deputy commissioner.

The defendants appealed to the Court of Appeals, contending that the evidence and the remaining findings of fact do not support the finding and conclusion that the death was the result of an injury by accident arising out of and in the course of the employment. The Court of Appeals affirmed the award, Judge Campbell dissenting.

*Gene C. Smith for defendant appellants.*

*Bryant, Lipton, Bryant & Battle, by Victor S. Bryant, Jr., for claimant appellees.*

LAKE, Justice.

[1]  The deceased was sent to the room, wherein the conveyor was in operation, by his employer for the purpose of performing the duties of his employment. At the instant of the accident, he was standing at a place at which it was proper for him to wait for his foreman to descend from a ladder in order that the two of them might proceed with the work to which they had been assigned by their employer. His work carried him to that place and, while waiting there for the descent of the foreman, he was performing his duties. Thus the accident occurred in the course of his employment. *Clark v. Burton Lines,* 272 N.C. 433, 158 S.E. 2d 569; *Howell v. Fuel Co.,* 226 N.C. 730, 40 S.E. 2d 197.

[2, 3]  An accident arises out of the employment if there is a causal relation between the accident and the employment. There is such a causal relationship when, as here, the duties of the employment require the employee to be in a place, at which he is exposed to a risk of injury to which he would not otherwise be subject, and while there, he is injured by an accident due to the peculiar hazard of that location. *Clark v. Burton Lines,*

*supra; Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476; *Bolling v. Belk-White Co.*, 228 N.C. 749, 46 S.E. 2d 838; *Howell v. Fuel Co., supra; Brown v. Aluminum Co.*, 224 N.C. 766, 32 S.E. 2d 320.

[4] Had the deceased employee, while standing at the foot of the ladder waiting for his foreman to join him in order to continue the work in which they were engaged, inadvertantly stepped into contact with the conveyor, the requisite causal relation between the employment and the accident would be clear. His idly flicking objects off the conveyor or the rollers, while so waiting for the foreman, was not a stepping aside from his employment. He was still engaged in the only duty then required of him by his employment, namely, waiting for his foreman. *Clark v. Burton Lines, supra; Howell v. Fuel Co., supra.* His act of striking at the objects on the moving conveyor belt with the pliers was negligence, but negligence in the performance of his duty of waiting for his foreman does not bar the right to compensation for the resulting accident. *Allred v. Allred-Gardner, Inc., supra; Howell v. Fuel Co., supra; Archie v. Lumber Co.*, 222 N.C. 477, 23 S.E. 2d 834.

The finding of the Commission that the accident arose out of the employment is supported by evidence and is therefore conclusive upon appeal. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760; *Brown v. Aluminum Co., supra.*

Affirmed.