ALEX HENSLEY, FATHER; CHRISTINE A. HENSLEY, MOTHER; ALEX HENSLEY, GUARDIAN AD LITEM FOR CYNTHIA GAYLE HENSLEY, SISTER, AND CHRISTOPHER DAVID HENSLEY, BROTHER OF DALE BRISCOE HENSLEY, DECEASED, EMPLOYEE, PLAINTIFFS v. CASWELL ACTION COMMITTEE, INC., EMPLOYER; MARYLAND CASUALTY COMPANY, CARRIER, DEFENDANTS

No. 7717IC326

(Filed 7 March 1978)

1. Master and Servant § 94.4— workmen's compensation—scope of ordered rehearing

Where an order of the Full Commission ordered a rehearing as to the wages from which compensation was to be computed, the hearing officer did not err in refusing to allow defendants to offer additional evidence on the question of compensability.

2. Master and Servant § 55.5— workmen's compensation—death by drowning—accident not arising out of employment

The death of an employee of a sanitary district by drowning while he was attempting to wade across a reservoir so that he could cut weeds from the bank at the other side of the reservoir did not arise out of his employment where the employee had been instructed not to go into the water.

Judge MARTIN dissents.

APPEAL by defendants from the Full Commission of the North Carolina Industrial Commission. Opinion and award filed on 8 February 1977. Heard in the Court of Appeals 8 February 1978.

Dale Briscoe Hensley died by drowning on 30 June 1975. On the day of his death he was employed by the Caswell Action Committee, Inc. and was working for the Caswell Sanitary District. He and two others, Robert A. Scott and James Long, were using a sling blade and a bush axe to cut weeds on the banks of a reservoir. About noon the three boys discovered that they had missed a spot on the other side of the reservoir, and Long and Hensley began to wade across the reservoir to reach the area. The two who were crossing the lake called Scott "chicken" because he refused to go with them. In the process of crossing the reservoir, young Hensley stepped in a deep hole and drowned.

The plaintiff brought this action to recover compensation provided for under the Workmen's Compensation Act (G.S. 97.1 et seq.).

At the first hearing before Deputy Commissioner Roney, Scott testified on cross-examination by defendants that the three

boys had been told not to go into the water. On redirect examination, however, he stated they were not told specifically not to cross the lake in the course of their work. James Long testified that he had not been told to stay out of the water. Aaron Wilson, employee of the Yanceyville Sanitary District, who assigned work to the three youths, testified for defendants that all three of the boys had been instructed not to go into the lake.

Deputy Commissioner Roney found that decedent's accidental death arose out of and in the course of his employment and awarded, under the Workmen's Compensation provisions, death benefits to Hensley's next of kin. On 13 May 1976, the Full Commission ordered the case to be heard again. Deputy Commissioner Christine Y. Denson heard the case on the question of the amount of the award and her opinion and award were affirmed with amendments by the Full Commission on 8 February 1977. Defendants appealed.

*Blackwell & Farmer, by R. Lee Farmer, for plaintiff appellees.*

*Teague, Johnson, Patterson, Dilthey & Clay, by I. Edward Johnson, for defendant appellants.*

ARNOLD, Judge.

[1] The first order of the Full Commission of the Industrial Commission regarding this case directed that it be placed on the docket for rehearing. Defendants argue that Deputy Commissioner Denson erred at this rehearing in refusing to allow defendants to offer additional evidence on the question of compensability. We cannot agree. The order of 13 May 1976, stated:

"Defendants say and contend that the Hearing Commissioner erred in finding as a fact and concluding as a matter of law that parents of the deceased were entitled to maximum compensation benefits for the reason that at the initial hearing plaintiffs and defendants stipulated an average weekly wage of $40.10.

"Counsel for defendants says and contends that in the absence of such a stipulation and if he had been on notice that the Commission was not bound by such a stipulation, he

would have placed in evidence certain facts surrounding the employment.

"To the end that the record may be complete and that all parties might have an opportunity to offer evidence in regard to this issue,

"IT IS THEREUPON ORDERED that this case be, and the same is hereby, placed on the docket to be heard when reached in Yanceyville to take such testimony as either side desires to offer bearing on the question of the rate at which compensation shall be paid as provided under G.S. 97-2(5) in the event compensability is ultimately found herein.

"The Opinion and Award of Deputy Commissioner Roney is hereby vacated and set aside. The Hearing Commissioner who next hears the case in Yanceyville shall decide same based on the record in its entirety, including but not limited to the wage testimony taken before him."

It seems clear that while the deputy commissioner was to decide the case in its entirety the order directed her to take testimony only as to the wages from which compensation was to be computed. Her failure to take more evidence was, therefore, not error.

[2] Defendant's next argument is that the Commission erred in concluding as a matter of law that young Hensley died as a result of an accident arising out of and in the course of his employment with defendant employer. We are compelled to agree that the accident did not arise out of decedent's employment with defendant employer.

An accident arises out of employment if there exists a causal relation between the accident and the employment. There is such a causal relationship when the duties of the employment require the employee to be in a place at which he is exposed to a risk of injury to which he would not otherwise be subject and, while there, he is injured by an accident due to the peculiar hazard of that location. *See, e.g. Stubberfield v. Construction Co.*, 277 N.C. 444, 177 S.E. 2d 882 (1970).

At the second hearing, Deputy Commissioner Denson found as fact:

"3. Before decedent and the other two boys began working at the reservoir, Mr. Wilson told them not to cross the lake in the water because he didn't want them to get hurt. He did not give them that instruction about any particular part of the lake."

In *Morrow v. Highway Commission*, 214 N.C. 835, 199 S.E. 265 (1938), decedent was employed to paint a bridge over the Catawba River. Contrary to the instructions of his supervisor, decedent entered the river to retrieve a paint brush and drowned. Denial of that claim was affirmed per curiam by our Supreme Court on the ground that the injury "did not arise out of the employment."

*Morrow v. Highway Commission, supra,* is not reasonably distinguishable from this appeal and compels denial of the claim for compensation. Decedent was not in a place where the duties of his employment required him to be. In fact, his supervisor specifically directed him not to go into the water.

Evidence does not support the Commission's conclusion of law that decedent died as a result of an injury arising out of and in the course of his employment. The award is

Reversed.

Judge PARKER concurs.

Judge MARTIN dissents.