ABOAGWA v. RALEIGH LIONS CLINIC FOR THE BLIND, INC.

[167 N.C. App. 554 (2004)]

FAWZIA H. ABOAGWA, Employee, Plaintiff v. RALEIGH LIONS CLINIC FOR
THE BLIND, INC., Employer, UNITED PACIFIC INSURANCE COMPANY
(Insolvent)/N.C. INSURANCE GUARANTY ASSOCIATION, Carriers, Defendants

No. COA03-1677

(Filed 21 December 2004)

**1. Workers' Compensation— aggravation of condition—competent testimony**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's 23 and 26 October 2000 falls at work caused or aggravated her spine condition, because the evidence including plaintiff's testimony, the testimony of her daughter, and also the testimony of several medical doctors support the Commission's finding.

**2. Workers' Compensation— findings—burden of proof—totality of evidence**

The Industrial Commission did not err in a workers' compensation case by finding that no physician testified to a reasonable degree of medical certainty that plaintiff's back injuries were likely caused solely by something other than plaintiff's fall at work even though defendants contend the Commission mistakenly required defendants to prove that plaintiff's falls had not aggravated a preexisting condition and also did not consider the totality of evidence, because: (1) defendants failed to notice that the Commission explicitly stated in another finding that plaintiff has proven by the greater weight of the evidence that she incurred injuries by accident on 23 and 26 October 2000 that caused or aggravated a preexisting condition of her neck and back that has rendered her disabled from working; (2) the Commission properly placed the burden of proof on plaintiff and not defendants; (3) the finding was relevant as to whether plaintiff's injuries arose from her employment; and (4) the Commission explicitly stated that it had considered the totality of the medical and lay evidence.

**3. Workers' Compensation— disability—temporary total disability benefits**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff was disabled as defined by N.C.G.S. § 97-2 and by awarding ongoing temporary total disability benefits, because: (1) plaintiff produced some medical evi-

dence that she was physically incapable of work due to her workplace falls; and (2) there was some medical evidence supporting the Commission's finding.

Appeal by Defendants from Opinion and Award of the North Carolina Industrial Commission entered 28 July 2003. Heard in the Court of Appeals 21 September 2004.

*George W. Lennon, for plaintiff-appellee.*

*Brooks, Stevens, & Pope, P.A., by Daniel C. Pope, Jr. and Dana C. Moody, for defendant-appellants.*

WYNN, Judge.

Defendants Raleigh Lions Clinic for the Blind, Inc. (the "Clinic"), United Pacific Insurance Company, and N.C. Insurance Guaranty Association (collectively "Defendants") appeal from an Opinion and Award of the North Carolina Industrial Commission, contending that the Industrial Commission erred in: (1) concluding that Plaintiff Fawzia Aboagwa's ("Aboagwa") 23 and 26 October 2000 falls at work caused or aggravated her spine condition; (2) applying the incorrect legal standard and failing to consider the totality of the evidence; and (3) concluding that Aboagwa was disabled as defined by North Carolina General Statute section 97-2 and awarding ongoing temporary total disability benefits. For the reasons stated herein, we disagree and affirm the Industrial Commission's Opinion and Award.

The procedural and factual history of the instant appeal is as follows: Aboagwa worked as a sewing machine operator for the Raleigh Lions Clinic for the Blind from November 1999 until December 2000. Aboagwa had no notable problems with her back or neck prior to October 2000. However, in October 2000, Aboagwa fell twice at her workplace. On 23 October 2000, she slipped and fell on her back in the company cafeteria. Aboagwa did not seek treatment for the fall, but took Tylenol for pain. On 26 October 2000, Aboagwa fell yet again, this time while pushing a large cart of sewing materials to her workstation. The fall was witnessed by another employee, as well as by Aboagwa's supervisor, who urged Aboagwa to see the plant nurse. Aboagwa insisted on returning to her workstation but sought medical treatment the following morning. She first saw M. Hisham Mohamed, M.D., though was uncomfortable with him, found him to be "not good [at] listen[ing]," and felt he did "not understand [her]." She therefore

switched to Mohammad Delbahar Hossain, M.D. and has been treated by him ever since.

Aboagwa experienced pain and dizziness but nevertheless worked through October and November 2000. An MRI revealed that Aboagwa had a herniated disc, for which she received treatment from Charles Joseph Matthews, M.D. and Michael M. Haglund, M.D. Because conservative treatments were unsuccessful, Aboagwa underwent cervical fusion surgery at Duke University Medical Center.

Dr. Hossain found Aboagwa to be disabled from performing her job. Dr. Matthews also found Aboagwa to be disabled and ordered her out of work until further notice on 2 January 2001. Again, on 8 May 2001, Dr. Matthews found Aboagwa "completely disabled." Dr. Haglund also found it likely that Aboagwa was temporarily totally disabled from the falls, which "either caused or aggravated a preexisting condition that led to her eventually needing the treatment and the surgery she underwent."

On 1 April 2002, Aboagwa's workers' compensation claim was heard by Deputy Commissioner Morgan S. Chapman. Deputy Commissioner Chapman denied Aboagwa's claim; Aboagwa appealed. On 14 May 2003, Aboagwa's appeal was heard by the full Industrial Commission, which, in its Opinion and Award filed 28 July 2003, reversed Deputy Commissioner Chapman's Opinion and Award. Defendants appealed.

---

In reviewing a decision of the Industrial Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *Skillin v. Magna Corp./Greene's Tree Service, Inc.*, 152 N.C. App. 41, 47, 566 S.E.2d 717, 721 (2002) (same). An appellate court reviewing a workers' compensation claim "does not have the right to weigh the evidence and decide the issue on the basis of its weight." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quotation omitted). Rather, the Court's duty goes no further than to determine "whether the record contains any evidence tending to support the finding." *Id.* (quotation omitted). If there is any evidence at all, taken in the light most favorable to the plaintiff, the finding of fact stands, even if there was substantial evidence going the other way. *Id.*

ABOAGWA v. RALEIGH LIONS CLINIC FOR THE BLIND, INC.

[167 N.C. App. 554 (2004)]

**[1]** Defendants, citing their Assignments of Error 5, 7, 9, 11, 13, 18-27, contend the Industrial Commission erred in concluding that Aboagwa's 23 and 26 October 2000 falls at work caused or aggravated her spine condition. Here, evidence, including not only Aboagwa's own testimony or that of her daughter, but also the testimony of several medical doctors, support the Industrial Commission's finding. Dr. Matthews testified that he believed Aboagwa's injuries to be "within a reasonable degree of medical certainty consistent with [] the work-related injury that she described." Dr. Haglund testified that he believed "[t]hat [Aboagwa's] falls either caused or aggravated a pre-existing condition that led to her eventually needing the treatment and the surgery she underwent." Dr. Hossain testified that Aboagwa's falls may have "aggravate[d]" or "worsen[ed]" a preexisting back condition. The Industrial Commission's finding that Aboagwa's 23 and 26 October 2000 falls at work caused or aggravated her spinal condition is supported by some competent evidence. We therefore must affirm the Opinion and Award.

**[2]** Next, Defendants take issue with Finding of Fact 15, in which the Industrial Commission found that "no physician testified to a reasonable degree of medical certainty that plaintiff's back injuries were likely caused solely by something other than plaintiff's falls at work." Defendants assert that the Industrial Commission mistakenly required Defendants to prove that Aboagwa's falls had not aggravated a preexisting condition. We disagree.

Defendants are correct that a "claimant has the burden of proving that his [workers' compensation] claim is compensable[.]" *Henry v. A. C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950) (citing *Bolling v. Belk-White Co.*, 228 N.C. 749, 46 S.E.2d 838 (1948); *Hayes v. Bd. of Trs. of Elon Coll.*, 224 N.C. 11, 29 S.E.2d 137 (1944); *Gassaway v. Gassaway & Owen, Inc.*, 220 N.C. 694, 18 S.E.2d 120 (1942); *McGill v. Town of Lumberton*, 215 N.C. 752, 3 S.E.2d 324 (1939)). Defendants, however, apparently failed to notice that in Finding of Fact 20, the Industrial Commission explicitly stated that "plaintiff has proven by the greater weight of the evidence that she incurred injuries by accident on October 23 and 26, 2000 that caused or aggravated a preexisting condition of her neck and back that have rendered her disabled from working[.]" The Industrial Commission properly placed the burden of proof on Aboagwa, not Defendants. Finding of Fact 15, stating that "no physician testified to a reasonable degree of medical certainty that plaintiff's back injuries were likely caused solely by something other than plaintiff's falls at work[,]" did

not place the burden of proof on Defendants, but rather was relevant as to whether Aboagwa's injuries arose from her employment. *See, e.g., Mills v. City of New Bern,* 122 N.C. App. 283, 285, 468 S.E.2d 587, 589 (1996) ("When the employee's [] condition is the sole cause of the injury, the injury does not arise out of the employment.") (citation omitted)). We therefore find no error.

Defendants further cite to their Assignments of Error 1-2, 11-12, and 16-27 and argue that the Industrial Commission erred by "wholly disregarding and ignoring competent evidence before it." Defendants ground this charge in Findings of Fact 6 and 7, in which the Industrial Commission noted that Dr. Mohamed saw Aboagwa, but that Aboagwa felt that he "was 'not good at listening' and 'he did not understand me.' " Defendants contend Dr. Mohamed's testimony that he felt he understood Aboagwa and that he and Aboagwa spoke Arabic together, as well as the Opinion and Award's failure to address Aboagwa's "changed doctors and [] story," demonstrate the Industrial Commission failed to consider all the evidence. We disagree.

Contrary to Defendants' contention, the Industrial Commission explicitly stated that it had considered "the totality of the medical and lay evidence[.]" That the Industrial Commission viewed this evidence in a light different than that preferred by Defendants is not an issue properly reviewed by this Court. "Clearly, it is not the function of any appellate court to retry the facts found by the Commission or weigh the evidence received by it and decide anew the issue of compensability of an employee's claim." *Buck v. Procter & Gamble Mfg. Co.,* 52 N.C. App. 88, 92, 278 S.E.2d 268, 271 (1981) (citing *Inscoe v. DeRose Indus., Inc.,* 292 N.C. 210, 232 S.E.2d 449 (1977); *Anderson v. Lincoln Constr. Co.,* 265 N.C. 431, 144 S.E.2d 272 (1965)).

**[3]** Lastly, Defendants, citing Assignments of Error 18, 21, 23-24, and 26, argue that the Industrial Commission erred by concluding that Aboagwa was disabled as defined by North Carolina General Statute section 97-2 and awarding ongoing temporary total disability benefits. North Carolina General Statute section 97-2 defines disability as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2003). An employee may show such disability through:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that

he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, *i.e.*, age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowes Prod. Dist.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citations omitted).

Here, Aboagwa produced some medical evidence that she was physically incapable of work due to her workplace falls. For example, Dr. Haglund testified that Aboagwa was likely temporarily totally disabled. Dr. Matthews also noted in each of Aboagwa's visits that she was likely disabled. The Industrial Commission noted in its Opinion and Award that Dr. Haglund "gave [Aboagwa] a [] permanent partial disability rating for her spine" and found that Aboagwa was "rendered [] disabled from working" and entitled to receive temporary disability benefits. Because there was some medical evidence supporting the Industrial Commission's finding that Aboagwa was disabled and thus entitled to disability benefits, we affirm the Opinion and Award. *Deese*, 352 N.C. at 116, 530 S.E.2d at 553 (reviewing court need only find that "competent evidence supports the Commission's findings of fact and [that] the findings of fact support the Commission's conclusions of law").

For the foregoing reasons, we find that the Industrial Commission did not: (1) err in concluding that Aboagwa's 23 and 26 October 2000 falls at work caused or aggravated her spine condition; (2) apply an incorrect legal standard; (3) fail to consider the totality of the evidence; or (4) err in concluding that plaintiff was disabled as defined by North Carolina General Statute section 97-2 and in awarding ongoing temporary total disability benefits. Accordingly, we affirm the Industrial Commission's Opinion and Award.

Affirmed.

Judges HUNTER and THORNBURG concur.